# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| TERRANCE ROBINSON, | ) | Case No. CV 11-7755-DMG (SP) |
| Petitioner, | ) | **MEMORANDUM AND ORDER** |
| | ) | **DISMISSING PETITION FOR WRIT** |
| v. | ) | **OF *HABEAS CORPUS*** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| Respondent. | ) | |
| | ) | |
| | ) | |
| _____ | ) | |

## I.

## <u>INTRODUCTION</u>

On July 1, 2011, petitioner Terrance Robinson, a federal prisoner proceeding *pro se*, filed a Petition for Writ of *Habeas Corpus* pursuant to 28 U.S.C. § 2241 challenging his criminal sentence in the United States District Court for the Central District of Illinois. Petitioner is currently incarcerated at the Metropolitan Detention Center in Los Angeles. Petitioner contends that he was erroneously sentenced under the sentencing guidelines and that his defense counsel was ineffective for failing to object to this error at trial. The Court finds the instant petition must be dismissed because petitioner has failed to demonstrate that 28 U.S.C. § 2255 provides an inadequate or ineffective remedy to test the legality of his detention.

## II.

## PRIOR PROCEEDINGS

Petitioner was indicted on seven counts of bank fraud on December 7, 2006. He entered a plea of guilty to all seven counts on March 30, 2007. The trial court sentenced petitioner to a total of sixty-three months in prison on July 20, 2007.

Petitioner appealed, and contested the upward adjustment in his sentence under § 2B1.1(b)(9)(C) for employing sophisticated means and having a leadership role. *See United States v. Robinson*, 538 F.3d 605, 607-608 (7th Cir. 2008). The Seventh Circuit affirmed the conviction and sentence on August 7, 2008. *Id.* at 608.

Petitioner then filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 in the United States District Court for the Central District of Illinois on November 17, 2008. *See* Pet. at 5; *Robinson v. United States*, No. 08-CV-2280 (D. Ill. Jan. 21, 2009), ECF Nos. 1, 7, 8. There, he raised five grounds for relief: (1) the four-level enhancement for his role as a leader of five or more participants of a scheme to defraud, when there were only three participants, was improper, and his sentence violated *United States v. Booker*, 542 U.S. 296, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004); (2) the trial court improperly added an enhancement for the use of sophisticated means; (3) the trial court erred in calculating his Sentencing Guidelines offense level based on intended loss rather than actual loss; (4) the trial court erred in calculating his criminal history category as V, rather than IV, because various prior convictions should not have been counted; and (5) petitioner's right to effective assistance of counsel was violated. *See id.* at ECF 1. On January 21, 2009, the District Court for the Central District of Illinois denied the section 2255 motion, having addressed the merits of claims one, three, and five, and finding grounds two and four procedurally barred. *Id.* at ECF 7, 8.

Between October 8, 2010 and January 2011, petitioner filed five applications for permission to file a second or successive collateral attack with the Seventh Circuit under 28 U.S.C. § 2244(b)(3). *See* Order, *Terrance Robinson v. United States*, No. 11-

1150 (7th Cir. Jan. 31, 2011), ECF No. 2.  Each was denied because petitioner proposed the same claims as raised and denied in his first collateral attack.  *Id.*  Petitioner is now barred from filing further civil suits in courts of the Seventh Circuit until he pays a sanction of $500 for repeated frivolous filings.  *Id.*

On September 19, 2011, petitioner filed the instant petition pursuant to 28 U.S.C. § 2241.

### III.
### PETITIONER'S CONTENTIONS

Petitioner asserts the following grounds for *habeas* relief:

(1)   petitioner was erroneously sentenced under the guidelines when he was incorrectly assessed two criminal history points; and

(2)   defense counsel's failure to object to the sentencing error constituted ineffective assistance of counsel.

### IV.
### DISCUSSION

Petitioner seeks to challenge his sentence by way of a section 2241 *habeas* petition.  Petitioner contends that section 2255 provides an inadequate or ineffective remedy for him because, in his prior section 2255 case, "the Government did not provide the Petitioner an explanation of why they felt his 15(c) amendment had no merit and the District Court also gave no written response to the merits of the 15(c) amendment which denied the petitioner a full hearing and adjudication of his 4A1.1(d) claim and his wrongful detention claim."  Pet. at 3.  This contention does not satisfy the criterion of section 2255(e)'s savings clause, and thus petitioner may not bring the instant petition under section 2241.

**A.**   **Section 2255 Generally Provides the Exclusive Remedy for Federal Prisoners to Collaterally Attack Their Sentences**

Section 2255 allows a federal prisoner claiming that his sentence was imposed "in violation of the Constitution or laws of the United States" to "move the court which

imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). "Generally, motions to contest the legality of a sentence must be filed under § 2255 in the sentencing court, while petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." *Hernandez v. Campbell*, 204 F.3d 861, 864 (9th Cir. 2000) (*per curiam*). A prisoner may not bring a second or successive section 2255 motion in district court without first seeking and obtaining certification from "a panel of the appropriate court of appeals." 28 U.S.C. § 2255(h); *Harrison v. Ollison*, 519 F.3d 952, 955 (9th Cir. 2008).

However, there is an exception – a "savings clause" or "escape hatch" – to this general rule. *Harrison*, 519 F.3d at 956; *Hernandez*, 204 F.3d at 864 n.2; *Lorentsen v. Hood*, 223 F.3d 950, 953 (9th Cir. 2000). A federal prisoner may file a *habeas* petition under section 2241 to challenge the legality of a sentence when the prisoner's remedy under section 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). The exception under section 2255(e) is "narrow" and will not apply "merely because § 2255's gatekeeping provisions," such as the statute of limitations or the limitation on successive petitions, now prevent the courts from considering a section 2255 motion. *Ivy v. Pontesso*, 328 F.3d 1057, 1059 (9th Cir. 2003); *see also Lorentson*, 223 F.3d at 953 (ban on unauthorized successive petitions does not per se make section 2255 "inadequate or ineffective"); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (*per curiam*) (dismissal of a successive motion pursuant to section 2255 did not render such motion procedure an ineffective or inadequate remedy so as to authorize a federal prisoner to seek *habeas* relief).

## B.   Petitioner Does Not Qualify for Section 2255's Savings Clause

Petitioner asserts that he qualifies for section 2255(e)'s savings clause. Specifically, petitioner argues that he is entitled to section 2241 review in this district because the Central District of Illinois failed to respond to his Rule 15(c) claim. He apparently refers to his Motion to Amend Pursuant to Federal Rule of Civil Procedure

15(c), filed in the Central District of Illinois following his filing of his section 2255 motion. *See* Motion, *Terrance O. Robinson v. United States*, No. 08-CV-2280 (D. Ill. Dec. 5, 2008), ECF 3. His Rule 15(c) motion sought to clarify the claims raised in his earlier section 2255 motion, and the court granted the Rule 15(c) motion as set out in its January 21, 2009 order. *See* Opinion, *Terrance O. Robinson v. United States*, No. 08-CV-2280 (D. Ill. Jan. 21, 2009), ECF 7. This contention in no way demonstrates that section 2255 provided petitioner an inadequate or ineffective remedy so as to qualify his claim for section 2255(e)'s savings clause.

The burden is on the petitioner to show that his claim qualifies for section 2255(e)'s savings clause because his section 2255 remedy is inadequate or ineffective. *Redfield v. United States*, 315 F.2d 76, 83 (9th Cir. 1963). Courts have found petitions to meet the savings clause criterion "when a petitioner (1) makes a claim of actual innocence, and (2) has not had an unobstructed procedural shot at presenting that claim." *Harrison*, 519 F.3d at 959 (internal quotation marks and citation omitted). Petitioner's claims here are not claims of actual innocence. But in any event, petitioner has not and cannot demonstrate that he never had an unobstructed procedural shot at presenting his claims.

To demonstrate that he never had an "unobstructed procedural shot," a petitioner must show that he never had an opportunity to raise his claims on appeal or in a section 2255 motion. *Stephens v. Herrera*, 464 F.3d 895, 898 (9th Cir. 2006); *see also Harrison*, 519 F.3d at 960. In making this determination, the court considers "(1) whether the legal basis for petitioner's claim did not arise until after he had exhausted his direct appeal and first § 2255 motion; and (2) whether the law changed in any way relevant to petitioner's claim after that first § 2255 motion." *Id.* (internal quotation marks and citation omitted). Since the claims raised in the instant petition are among those petitioner in fact raised in his first section 2255 motion, the legal basis for petitioner's claims clearly is not newly arisen since he filed his first section 2255 motion; nor is the court aware of any pertinent change in the law since then.

Accordingly, not only does petitioner fail to assert that he was obstructed procedurally from presenting his current claims, he has no basis to make such an assertion.  While it is true that petitioner could not obtain relief on the present application if it were now construed as a section 2255 motion, because such a motion would be barred as successive in his case, the mere fact that a new section 2255 motion would now be barred as successive does not meet the requirements of the savings clause.  *See Ivy*, 328 F.3d at 1060 ("[I]t is not enough that the petitioner is presently barred from raising his claim of innocence by motion under § 2255.  He must never have had the opportunity to raise it by motion.").

Based upon the foregoing, petitioner's remedy under section 2255 was not "inadequate or ineffective" so as to permit the assertion of his claims in a section 2241 petition.

## V.

## **ORDER**

IT IS THEREFORE ORDERED that Judgment be entered summarily dismissing the Petition and this action without prejudice.


DATED: October 12, 2011

_____

DOLLY M. GEE
UNITED STATES DISTRICT JUDGE


Presented by:

_____

HON. SHERI PYM
UNITED STATES MAGISTRATE JUDGE